UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>　　　　　　　Plaintiff(s),<br>　　v.<br><br>DEPARTMENT OF CHILDREN YOUTH AND FAMILIES,<br><br>　　　　　　　Defendant(s). | CASE NO. 2:22-cv-01085-TL<br><br>ORDER DISMISSING<br>42 U.S.C. § 1983 *MONELL* CLAIMS |

This matter is before the Court on its own motion. On July 30, 2022, Plaintiff filed an application to proceed *in forma pauperis* (Dkt. No. 1) with a proposed *pro se* complaint (Dkt. No. 1-1) against Defendant Department of Children Youth and Families ("DCYF"), an agency of the state of Washington. Plaintiff's application was granted (Dkt. No. 4), and her Complaint was entered on the docket on August 4, 2022 (Dkt. No. 5). Having reviewed Plaintiff's Complaint and for the reasons stated below, the Court finds that Plaintiff fails to state a claim upon which relief may be granted for some of her purported causes of action and DISMISSES with prejudice all claims *except* for her facial and as-applied constitutional challenge to RCW 13.34.030(6)(c).

ORDER DISMISSING 42 U.S.C. § 1983 MONELL CLAIMS - 1

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court has a duty to dismiss any causes of action that fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must plead factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Although Plaintiff's specific causes of action are not perfectly clear, her claims appear to arise from various dependency proceedings involving Plaintiff's children since 2009. Dkt. No. 5 at 9. Construing the complaint liberally, as the Court must (*Johnson*, 653 F.3d at 1011), the Court understands Plaintiff to allege that Defendant, by and through its agents and employees, have actively enforced an unconstitutional state statute, RCW 13.34.030(6)(c), in order to deprive her of constitutionally protected parental custody rights (Dkt. No. 5 at 7-8). Plaintiff alleges the statute is unconstitutional on its face and as applied throughout her various dependency proceedings. *Id.* at 5, 7-8. Plaintiff also appears to raise individual civil rights claims

under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), alleging due process and equal protection violations based on Defendant's unwritten custom or policy of knowingly enforcing an unconstitutional state law to deprive her of her rights. *Id.* at 8, 11. Plaintiff seeks only declaratory and injunctive relief, she does not appear to include a claim for monetary relief in her complaint. *Id.* at 5, 12.

Since 2020, Plaintiff has filed 15 different lawsuits (not including the present case) against various defendants in this district.[1] In nearly all of these cases, Plaintiff alleges § 1983 civil rights violations arising from the state's dependency proceedings. Most pertinently, in *Zayas v. Owens et al.*, the parties entered a stipulation dismissing all of Plaintiff's civil rights claims "with prejudice and on the merits" against all defendants, including DCYF, in which Plaintiff agreed and acknowledged "that she cannot later file another lawsuit asserting the same claims or causes of action against defendant[] DCYF." *Owens et al.*, 2:20-cv-00650-TLF, Dkt. No. 44 at 1-2. The Court dismissed that action with prejudice as stipulated. *Id.* at Dkt. No. 45. Similarly, *Zayas v. Department of Children Youth & Families et al.* was dismissed with prejudice upon the parties' stipulation, wherein again Plaintiff agreed and acknowledged "that she cannot later file another lawsuit asserting the same claims or causes of action against . . . DCYF." *Department of Children Youth & Families et al.*, 2:20-cv-00981-JLR-TLF, Dkt. Nos. 26, 30. In both of these cases, Plaintiff raised claims under § 1983 alleging that DCYF denied her constitutional due process and equal protection rights during her still ongoing state

---

[1] *See Zayas v. Owens et al.*, 2:20-cv-00650-TLF (filed Apr. 29, 2020); *Zayas v. Messitt*, 2:20-cv-00747-JCC (filed Jun. 10, 2020); *Zayas v. Department of Children Youth & Families et al.*, 2:20-cv-00981-JLR-TLF (filed Jun. 18, 2020); *Zayas v. Krause et al.*, 2:20-cv-01001-MAT (filed Jun. 25, 2020); *Zayas v. Multicare Hospital*, 2:21-cv-00350-RSL (filed Mar. 15, 2021); *Zayas v. Boyett*, 2:21-cv-00581-RSM (filed Apr. 29, 2021); *Zayas v. Nguyen et al.*, 2:21-cv-00746-JCC (filed Jun. 5, 2021); *Zayas v. Walton et al.*, 2:22-cv-00018-MJP (filed Jan. 4, 2022); *Zayas v. Becker*, 2:22-cv-00120-MJP (Jan. 30, 2022); *Zayas v. Foxall*, 2:22-cv-00229-JCC (filed Feb. 27, 2022); *Zayas v. Foxall*, 2:22-cv-00327-TL (filed Mar. 17, 2022); *Zayas v. Foxall*, 2:22-cv-00564-TL (filed Apr. 24, 2022); *Zayas v. Hunter et al.*, 2:22-cv-00642-RSM (filed May 9, 2022); *Zayas v. Ramos et al.*, 2:22-cv-00943-JLR-TLF (filed Jul. 6, 2022); *Zayas v. Helson et al.*, 2:22-cv-00955-RAJ (filed Jul. 10, 2022).

court dependency proceedings. Plaintiff pleads no new facts or changes in the law since those previous cases that would justify resurrecting claims that she previously agreed to dismiss with prejudice.

The Court therefore finds that Plaintiff has failed to plausibly state an individual civil rights claim under § 1983 against Defendant upon which relief can be granted. Courts will typically allow a *pro se* plaintiff to amend a Complaint in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court finds that amendment in this instance would be futile.

Accordingly, the Court ORDERS:

1. Plaintiff's 42 U.S.C. § 1983 *Monell* claims are DISMISSED WITH PREJUDICE; and
2. The Clerk is directed to issue summons.

Dated this 9th day of August 2022.

Tana Lin
United States District Judge